**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ALI S.,<br>Plaintiff,<br>v.<br>DAVID ALLEN, *et al.*,<br>Defendants. | Civil Action No.<br>1:25-cv-06589-SDG |

## ORDER

Plaintiff initiated this action pro se, seeking mandamus and injunctive relief to compel Defendants to adjudicate his wife's visa petition.[1] In response, Defendants move to dismiss.[2] Plaintiff did not oppose the motion. In fact, he filed a notice that the Court construes as an attempt to voluntarily dismiss this case under Fed. R. Civ. P. 41(a).[3] *Retic v. United States*, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting *Castro v. United States*, 540 U.S. 375, 381 (2003)) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion . . . . to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis."). Defendants did not respond to Plaintiff's notice.

---

1 ECF 1.

2 ECF 5.

3 ECF 7.

Since it appears that Plaintiff seeks to withdraw his claims, this case is **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(a)(1).[4] Defendants' motion to dismiss [ECF 5] is **DENIED as moot**.

The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 23rd day of September, 2026.

Steven D. Grimberg
United States District Judge

[4] To the extent Defendants seek dismissal with prejudice of Plaintiff's APA and Mandamus Act claims based on res judicata (ECF, at 1-2), those claims were dismissed for lack of jurisdiction in the prior proceeding and are not subject to res judicata. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Crotwell v. Hockman–Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").